IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MING D&Y INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-1543 (RDA/WEF) |
| | ) | |
| SHENZHEN YIMA TECHNOLOGY CO. | ) | |
| LTD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State

a Claim (the "Motion"). Dkt. 7. This Court has dispensed with oral argument as it would not aid

in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully

briefed and ripe for disposition. Considering the Motion together with Plaintiff's Amended

Complaint (Dkt. 5), Plaintiff's Opposition to the Motion to Dismiss (Dkt. 8), and Defendant's

Reply (Dkt. 11), this Court GRANTS the Motion for the reasons that follow.

I. Background

A. Factual Background[1]

Plaintiff Ming D&Y ("Ming") is a California corporation with a mailing address in

Vancouver, Canada. Dkt. 5 ¶ 1. Defendant Shenzhen Yima Technology Co. Ltd. ("Shenzhen") is

a Chinese corporation with principal address in Shenzhen, GD, China. *Id.* ¶ 2. Plaintiff has filed

a five-page complaint alleging patent infringement. *See generally* Dkt. 5.

---

[1] For the purpose of considering the instant Motion to Dismiss, the Court accepts all facts
contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage.
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff is the owner of U.S. Patent 9,488,325 (the "'325 Patent") for light transmission, a patent which Plaintiff alleges is in full force and has not expired. *Id.* ¶ 5. Defendant manufactures an LED dog collar, one version of which known as "2-Pack LED Dog. Col." in China and sells it in the United States via Amazon.com, Inc. ("Amazon"). *Id.* ¶ 6. Defendant's product is sold under a variety of bar code numbers, but one particular version of the product has bar code X002QPVJ5D. *Id.* Plaintiff alleges that the collars that Defendant sells on Amazon differ only in bar code and ASIN[2] designation ("perhaps color and length of the light transmitting elements") but are "functionally and structurally identical." *Id.* Some of the ASIN designations are B08LK593ND, B098XWJZ99, B098XR96ZP, and B0CPPKS2Q. *Id.*

Ming advised Shenzhen at an unspecified time and via an unspecified manner that the collar in question "literally infringes (and/or under the doctrine of equivalents) at least claims 8 & 9 of the '325 patent under 35 U. S. C. §271(a)" and may infringe other claims after more detailed information "becomes available from Shenzhen." *Id.* ¶ 7. Despite the notification, Plaintiff alleges that Defendant has continued to sell the collar on Amazon, and that Defendant has "induced infringement of claims of the '325 patent." *Id.* ¶ 8.

Plaintiff also alleges that Shenzhen made "egregious false advertising and misleading misrepresentations" to Amazon and others about the collar—namely, that the collar does not infringe the '325 Patent, and that Shenzhen has rights to the NOVKIN trademark.[3] *Id.* ¶ 13. Plaintiff alleges that Defendant misrepresented to a Texas court "and others" that the '325 Patent

---

[2] The Court understands ASIN to refer to an Amazon Standard Identification Number.

[3] Plaintiff asserts that the manufacturer of the accused product is listed as "Novkin" with an ® symbol. Dkt. 5 ¶ 6. Plaintiff further asserts that, according to records at the U.S. Patent and Trademark Office, the only Novkin trademark is owned by Shenzen Fudeguang Technology Co. Ltd. Of China. *Id.*

was expired "when [Defendant] knew of or should have known that a maintenance fee was unintentionally delayed and that a petition to accept the unintentionally delayed fee had been filed." *Id.*[4]

### B. Procedural Background

On September 16, 2025, Plaintiff filed its original complaint. Dkt. 1. On December 4, 2025, Plaintiff filed its Amended Complaint. Dkt. 5. On December 17, 2025, Defendant filed its Motion to Dismiss, and on December 19, 2025, Plaintiff filed its Opposition to the Motion. Dkts. 7, 8. On December 29, 2025, Defendant filed its Reply. Dkt. 11.

### II. LEGAL STANDARD

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id.* When evaluating a motion filed under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of*

---

[4] It appears that the "Texas" case was actually filed in the Northern District of Texas and that case, in which Defendant here was the plaintiff, was dismissed without prejudice based on improper venue. *See Shenzhen Yima Tech. Co., Ltd. v. Ming D&Y Inc.*, 2025 WL 2625581 (N.D. Texas Sept. 10, 2025).

*Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. ANALYSIS

In its Amended Complaint, Plaintiff asserts two claims against Defendant: (i) Patent Infringement and (ii) Unfair Competition. *Dkt.* 5 ¶¶ 2, 3. Plaintiff requests damages including lost profits, treble damages, attorneys fees, an injunction requiring Shenzhen to stop selling infringing products in the present and future and to remove them from Amazon, and delivery of all infringing products within Defendant's control in the United States to Plaintiff. *Id.* at 4. Plaintiff also demands a jury trial. *Id.* at 5.

Defendant has moved to dismiss both claims, arguing that Plaintiff has failed to state a claim and that this Court should not exercise supplemental jurisdiction over any state law unfair competition claims. Dkt. 7 at 7. The Court will analyze each count in turn.

### A. Patent Infringement

In Count I, Plaintiff asserts a claim for literal (and/or under the doctrine of equivalents) and willful Patent Infringement under 35 U.S.C. §271(a) and (b). Dkt. 5 ¶¶ 7, 8. Plaintiff and Defendant disagree over the relevant pleading standard. Dkt. 7 at 4; Dkt. 8 at 3, 4, 5. Although Plaintiff urges otherwise, this Court need not apply pleading standards differently for patent claims than for other civil cases. As judges within this District have held, in a case Plaintiff itself cited, "despite their atypical complexity, motions to dismiss patent infringement complaints are governed by the same well-recognized standards employed in any other civil case." *Orbcomm Inc. v. CalAmp Corp.*, 2016 WL 3965205, at *2 (E.D. Va. July 22, 2016), *on reconsideration in part*, 215 F. Supp. 3d 499 (E.D. Va. 2016). Further, in *Macronix Intern. Co., Ltd. v. Spansion Inc.*,

a district judge in this District noted that *Twombly* was an antitrust case, a type of litigation "well-known for extensive discovery and high litigation costs," similar to patent cases, which are "among the most expensive kinds of cases in federal court." 4 F. Supp. 3d 797, 803 (E.D. Va. 2014). Therefore, "[i]t is not logical to exempt them from the reach of *Twombly* and *Iqbal*, whose prime purpose was to assure that such expense was not incurred unless the plaintiff had posited a plausible claim in the complaint." *Id.* This might mean "taking great care when crafting a succinct, but sufficient, patent complaint," but "that is not asking too much." *Id.*

In patent law cases, motions to dismiss are considered "purely procedural issues" unrelated to patent law, so courts apply the case law of the relevant regional circuit, not the Federal Circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011). The Fourth Circuit has not addressed the pleading standard for patent claims directly, but district judges in this District have widely held that infringement claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adiscov*, 762 F. Supp. 2d at 832 (quoting *Iqbal*, 556 U.S. at 678.).[5]

### i. Direct Infringement

In analyzing whether direct infringement patent law claims have met the *Twombly* standard, district judges in this District have used the standard from *McZeal*, in which a claim is sufficiently pleaded if it "(1) asserts that the plaintiff owns the patent at issue; (2) names the

---

[5] Although district judges in this District have not recently had an opportunity to consider this question, district judges in this Circuit have, as recently as this year, continued to apply the *Twombly* and *Iqbal* pleading standard to direct infringement claims. *See, e.g.*, *DigitalDoors, Inc. v. EagleBank*, 2026 WL 554533, at *4 (D. Md. Feb. 27, 2026); *Heidary v. Amazon.com*, 706 F. Supp. 3d 525, 530-31 (D. Md. 2023) ("Nevertheless, 'a plaintiff cannot assert a plausible claim for infringement under the [Iqbal] standard by reciting the claim elements and merely concluding that the accused product has those elements.").

defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; (5) and identifies the specific parts of patent law that are implicated." *Taltwell, LLC v. Zonet USA Corp.*, 2007 WL 4562874, at *14 (E.D. Va. Dec. 20, 2007).

Here, Plaintiff asserts it owns the patent, names Defendant, states that Defendant infringed the patent, and identifies the specific parts of patent law that are relevant, but fails to assert even in general terms "the means by which the patent was infringed." *See id.*; Dkt. 5 ¶¶ 5-10. All Plaintiff alleges is that Plaintiff owns the "Light Transmission" patent and that Defendant sells dog collar products which "infringe claims" on its patent, a conclusory argument not explaining how the patent was infringed. Dkt. 5 ¶¶ 5-10. It is not even clear on a high level from the Amended Complaint what the "Light Transmission" patent entails, or what product it relates to. *Id.* ¶ 5; *see also Safe Haven Wildlife Removal & Prop. Mgmt. Experts, LLC v. Meridian Wildlife Servs., LLC*, 2023 WL 2760077, at *3 (W.D. Va. Mar. 31, 2023) ("In a patent case, a plaintiff cannot satisfy the pleading standards set forth in *Twombly* and *Iqbal* 'by reciting the claim elements and merely concluding that the accused product [or process] has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product [or process] infringes the patent claim.'") (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). Therefore, Plaintiff's vague and conclusory allegations do not state a plausible claim for patent infringement.

Plaintiff argues that another case from this District, *Orbcomm Inc. v. CalAmp Corp.*, held that *Twombly* only required "plausible grounds to infer that a viable ... infringement claim exists," or "enough facts to raise a reasonable expectation that discovery will reveal evidence of infringement." Dkt. 8 at 3, 4 (citing *Orbcomm*, 2016 WL 3965205, at *8 (E.D. Va. July 22, 2016)).

Plaintiff argues that the outcome should be the same as in *Orbcomm*, in which the motion to dismiss was denied, because as Plaintiff summarizes, "the complaint specifically identified the claims directly infringed and specifically identified the infringing products." Dkt. 8 at 4. Plaintiff's reading of *Orbcomm* is too broad. In *Orbcomm*, the court specifically relied on facts that "comparatively particularize[d] the similarities of functions and features of both parties' relevant patents and related systems," which was "sufficient detail to demonstrate a plausible entitlement to relief." *Orbcomm*, 2016 WL 3965205, at *8.[6] Nowhere in Amended Complaint does Plaintiff make any comparisons between the two devices or otherwise assert facts regarding *how* Defendant's devices infringe on Plaintiff's patent. Indeed, Plaintiff did not even allege what its patented product is until its Opposition and, even there, it is unclear what the precise product is – although it appears that it may also be a dog collar. Dkt. 8 at 5. Nonetheless, "it is axiomatic that a Plaintiff may not amend their complaint through an opposition brief." *Oku v. Trumbull Ins. Co.*, 2026 WL 801263, at *3 (E.D. Va. Mar. 23, 2026). Therefore, the claims are the sorts of "naked assertions of wrongdoing" the Fourth Circuit has rejected at the motion to dismiss stage. *Orbcomm*, 2016 WL 3965205, at *8 (citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).

Plaintiff also attempts to argue that "to the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported," but cites the wrong case and overlooks key differences in the cases. Dkt. 8 at 4 (purporting to cite *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1257 (Fed. Cir. 2018)). Plaintiff's citation is incorrect, however, as the language referenced in its Opposition

---

[6] Importantly, the *Orbcomm* decision *also* held that "motions to dismiss patent infringement complaints are governed by the same well-recognized standards employed in any other civil case." *Orbcomm*, 2016 WL 3965205, *2.

comes from *Bot M8 LLC v Sony Corp. of America*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021), not the *Disc Disease* decision. Regardless, neither case can save Plaintiff's claim here. As for *Disc Disease*, because motions to dismiss are procedural, Federal Circuit courts apply the case law of the relevant regional circuit, as Plaintiff has conceded, stating the "Federal Circuit applies regional circuit law to the standard of review of motions to dismiss under Rule 12(b)(6)." Dkt. 8 at 2. Therefore, in the *Disc Disease* case, the Federal Circuit applied Eleventh Circuit case law, and should not be considered binding precedent for this case. *See* 888 F.3d at 1259. As for *Bot M8*, also a Federal Circuit case, the same reasoning applies, as the Federal Circuit applied Ninth Circuit case law in resolving that case. *See Bot M8* 4 F.4th at 1351. Given the deficiencies in the Amended Complaint, any direct infringement claims will be dismissed.

### ii. Indirect Infringement

Plaintiff also alleges an indirect patent infringement claim, arguing that "Shenzhen induced infringement of claims of the '325 patent" and is "liable as an infringer pursuant to 35 U.S.C. §271(b)." Dkt. 5 ¶ 8. The Supreme Court has held that three elements must be met to establish an induced infringement claim, as Plaintiff appears to be making here: (1) "direct infringement by a third party"; (2) the inducer is required to know that "the induced acts constitute patent infringement"; and (3) the inducer is required to take "active steps . . . to encourage direct infringement." *USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1398 (2026). Here, Plaintiff does not clearly identify any third party that would have been directly infringing on the patent, merely making a conclusory statement that "Shenzhen has also induced infringement of claims of the '325 patent and is also liable as an infringer." Dkt. 5 ¶ 8; *Heidary v. Amazon.com*, 706 F. Supp. 3d 525, 535 (D. Md. 2023) (dismissing induced infringement claim where Plaintiff had "not asserted facts that would support the conclusion that either Amazon or Ring specifically intended

to induce infringement by another, such as those who manufacture or sell the Products, and he has failed to allege facts showing that either had knowledge that it induced acts constituting infringement"). In any event, because the Court has granted the Motion with respect to direct infringement, "the induced infringement claim necessarily fails." *Id.*; *Safe Haven*, 2023 WL 2760077, at *6 (noting that it is "axiomatic that there can be no inducement or contributory infringement without an underlying act of infringement"). Therefore, Plaintiff has also failed to plausibly state a claim in this regard.

B. Unfair Competition

In Count II, Plaintiff asserts a claim for Unfair Competition, presumably under state common law, though Plaintiff does not reference any applicable law in its Amended Complaint. Dkt. 5 ¶¶ 11-13. This Court does not have independent jurisdiction over this claim, as it is a purely state law claim and Plaintiff does not allege sufficient information to grant jurisdiction based on diversity of citizenship, specifically not claiming jurisdiction is proper under diversity nor asserting the amount-in-controversy. 28 U.S.C. § 1332.

Section 1367(a) of Title 28 of the United States Code provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A court may, however, decline to exercise supplemental jurisdiction when, such as the present case, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When claims are dismissed in the early stages of the litigation, the "values of judicial economy, convenience, fairness, and comity" weigh in favor of dismissing the remaining state law claims. *Alston v. Anderson*, 2023 WL 416197, at *7 (E.D. Va. Jan. 25, 2023). Accordingly, the Court declines to

exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will dismiss those claims on that basis. Because the Court provides leave to amend with respect to Plaintiff's patent claims, the Court also provides leave to reassert the unfair competition claim. The Court notes, however, that any reasserted unfair competition claim should provide the Court with information regarding under what law it is asserted.

***

Although Plaintiff has already amended its complaint, this Court did not rule on the claims in the prior version. Moreover, the Court cannot say at this stage that Plaintiff cannot add further allegations to correct the deficiencies identified here. Accordingly, the Court will permit further amendment.

## IV. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss (Dkt. 7) is GRANTED;

FURTHER ORDERED that Count I is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Count II is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff has LEAVE TO AMEND and is DIRECTED to file any Amended Complaint within THIRTY (30) DAYS from the issuance of this Memorandum Opinion. Plaintiff is WARNED that this will be its final opportunity to amend and that failure to comply with this deadline may result in dismissal of its case pursuant to Federal Rule of Civil Procedure 41.

It is SO ORDERED.

Alexandria, Virginia
August 6, 2026

/s/

Rossie D. Alston,
United States District Judge